Bertotti v Lief (2025 NY Slip Op 02271)

Bertotti v Lief

2025 NY Slip Op 02271

Decided on April 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 17, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Kapnick, Scarpulla, Higgitt, JJ. 

Index No. 150442/17|Appeal No. 4127|Case No. 2023-06083|

[*1]Victoria Lief Bertotti, as Executrix of the Estate of Luisita Lief Plaintiff-Appellant,
v
Erik Lief, and Erik Lief, as Administrator of the Estate of Bertram William Lief, Defendant-Respondent.

McLoughlin O'Hara, LLP, New York (Daniel M. O'Hara of counsel), for appellant.
Erik Keely Lief, respondent pro se.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered on or about July 6, 2023, which, after a traverse hearing, dismissed the action for improper service, unanimously affirmed, without costs.
Plaintiff failed to demonstrate, by a preponderance of the evidence, proper service of the summons and complaint on defendant (see Ferrer v Williams, 223 AD3d 464, 464 [1st Dept 2024]). At the traverse hearing, plaintiff's process server submitted the affidavit of service and testified that he served defendant by leaving the summons and complaint with defendant's relative at defendant's apartment. Defendant testified that he did not receive process at his residence, as he was at work on the day of the purported service, and there was no other individual in his apartment to receive process at that time. In any event, he would not have allowed the process server into the building through the intercom system.
The court properly identified several reasons to undermine the process server's credibility, and to accept defendant's testimony. Among other things, it was shown that the process server was sanctioned on numerous occasions, and that he admitted to giving false testimony under oath at a prior traverse hearing. The court also properly found that the process server did not prepare affidavits of service with the necessary care and specificity, and that the recipient's physical characteristics, as reflected in the affidavit of service, did not meet defendant's physical description. Based on the foregoing, the court properly credited defendant's testimony and there is no basis to disturb the court's credibility determinations at the traverse hearing, which are entitled to deference (see e.g. Phipps SC, LLC v Carvajal, - AD3d -, 2025 NY Slip Op 01302 [1st Dept 2025]; Ferrer v Williams, 223 AD3d at 465).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 17, 2025